**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4447**

─────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

RALPH MACK,

            Defendant – Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00037-RLV-DCK-1)

─────────

Submitted: February 18, 2010       Decided: February 23, 2010

─────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Claire J. Rauscher, Executive Director, Matthew R. Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, Steven Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Mack appeals from his conviction and sentence on a plea of guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006). In sentencing Mack to 100 months' imprisonment, the district court applied a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG"), § 2K2.1(b)(6) (2008), after determining that Mack used or possessed a firearm in connection with another felony offense, specifically, possession with intent to distribute cocaine base. The application of this enhancement is the sole issue on which Mack appeals. We affirm.

At Mack's sentencing hearing, the district court heard evidence from the Government that police officers conducted three controlled crack cocaine buys from Mack, after a confidential informant reported that Mack was in the business of selling crack out of his residence and that Mack had possessed firearms in the past. Two days following the last of the three controlled buys, officers executed a search warrant at Mack's residence and seized what one officer described as a "very small amount" of cocaine base, which was found next to the sofa where a loaded .380 semi-automatic handgun and ammunition was seized. On appeal, as in the district court, Mack claims the small amount of crack cocaine was consistent with personal use and not

distribution, such that an enhancement pursuant to USSG § 2K2.1(b)(6) was improper.

In considering the legality of Mack's sentence, this court reviews "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error." United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). Here, we find no clear error in the district court's finding that the crack was intended for sale, given the evidence of prior recent crack cocaine sales, the proximity of the drugs to the loaded firearm,[*] and the absence of any evidence of personal narcotics usage by Mack.

Accordingly, we affirm Mack's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] See USSG § 2K2.1 cmt. n.14(B).

3